Judge Owsley
delivered the opinion.
This writ of error is prosecuted to reverse an order of *357 the county court of Jefferson county, giving permission to Glover to erecUpaill and dam. .
The act re-gukting the e*tahlishm’t of miils, doesf not reqU¡re the owner of ntq ein‘ iyTobesuin" moned, im-he re-counVor has a known agent,
Where ih<? own^both sides of the stream across ¡s ^>n_ tempkted, tí e |al'd for njed~tno”<be circuu.scrib-ed.
. By the inqttuoti taken on the cause, it appears that Cowan will sustain damage by the erection of the dam; and it is assigned for error, that leave to erect the mill and dam should not have been given by the court, without causing Cowan to be first summoned to appear.
The act under which the proceedings were had, no where requires a summons to issue against any person who may be injured by the erection of tiie mill and dam, unless he resides in the county where the mil! and dam is proposed to be erected, or has a known agent there; and in the present case, Cowan appears not to have resided in the county of Jefferson, and is not shewn to have had an agent there, It was, therefore, not necessary to cause him to be summoned. !t appears that on the return of the inquisition to the county court, Lucket moved the court, to quash it, as well, because he contended, that one of the jurors therein nam ed had previously served on another inquisition which had been quashed by the court, os because the inquisition nei-therconformed to the requisitions of law, or the directions of the writ. This motion was, however, overruled, and it is assigned for error, that the inquisition should have been quashed.
From any tiling contained in the record, it does not appear on What grounds the inquisition first taken was quashed- It may not have been for any objection to the jury; and if so, the circumstance of the same person having Served on both inquisitions, forms no cause for setting aside that which was last taken.
And with respect to the other objections taken to the inquisition, no reason is perceived for quashing it. Although not as formal as it might have been made, the inquisition conforms to every substantial requisition of the writ, and responds directly to every enquiry made necessary by law. It is true, the writ commanded the land for ah abutment °f the dam to be located and circumscribed by metes and bounds; whereas, the inquisition appears to be altogether silent on that subject. But as the land on both sides of the stream, across w hich the dam was proposed to be erected, belongs to the applicant, Glover, there was no necessity for condemning any land for an abutment of the dam, and consequently the failure to locate and circumscribe any for that purpose, can form no solid objection to the inquisition.
Litlell for plaintiff.
It will be conceded, that in failing to locate and circumscribe the land for an abutment, the mMÉlaie of the »\ lit in that respect was not complied with; btgjfe that niaudate was unnecessary, it must be considered as^herely surplus^ age, and consequently needed no response i» the inquisition.
It follows, that the order of the county court must be affirmed with costs.